SARAH E. SAUNDERS ET AL. v. T. B. HOWARD.

1. REVISION OF ORDERS OF PROBATE COURT.—The District Court in 1873 had no jurisdiction on the probate side, on motion, to set aside an order of sale and confirmation of sale of land, made in 1866 by the Probate Court, claimed in the motion to have been the homestead.

2. PARTIES.—In a direct proceeding to annul such sale, all interested, by purchase or otherwise, in the land, were necessary parties.

3. DOING EQUITY.—It seems that where an allowance in lieu of homestead was made and paid a widow, she ought to tender such allowance, on an attempt to annul a sale of property claimed to have been in fact the homestead, and improperly sold.

APPEAL from Fort Bend. Tried below before the Hon. L. Lindsay.

The facts are fully stated in the opinion.

*W. P. & E. P. Hamblin*, for appellants. — We will discuss the points in the case under the third assignment of errors, viz.: "The court erred in not giving judgment for the minors and ordering the land to be placed in their possession."

It was the homestead of Saunders long before and at the time of his death, and his family were living there. (Philleo *v.* Smalley, 23 Tex., 502; Franklin *v.* Coffee, 18 Tex., 416.)

It being the homestead at the time of the death of Saunders, it vests without administration, and the Probate Court has no jurisdiction over the subject. (Sossaman *v.* Powell, 21 Tex., 665; Wood *v.* Wheeler, 7 Tex., 13; Baxter *v.* Dear, 24 Tex., 21.)

The homestead, when it exists, cannot be appropriated for other purposes, and something in lieu thereof taken by the persons entitled; and in the case at bar the children could not be deprived of it by any action the court might take. (Rodgers' Administrator *v.* Ragland, 34 Tex., 617; Blair *v.* Thorp, 33 Tex., 49.)

A homestead, where the estate is insolvent, is not subject to mortgage or other liens, except for the purchase-money;

and even a judgment lien, with execution and levy, cannot defeat the homestead right if it attaches before sale.

In the case at bar the mortgage by Saunders to Marshall, November 30, 1859, was subject to the homestead rights of the wife and children. (Stone *v.* Darnell, 20 Tex., 11; Shepherd *v.* White, 10 Tex., 72; Farmer *v.* Simpson, 6 Tex., 303; Stewart *v.* Mackey, 16 Tex., 58; Westbrooks *v.* Jeffers, 33 Tex., 89; Baxter *v.* Dear, 24 Tex., 21.)

The agreement with Marshall, on August 28, 1865, to convey the land, was an extinguishment of any rights Marshall had as mortgagee; and Saunders having died, the court could not compel a compliance as to the homestead. (Westbrooks *v.* Jeffers, 33 Tex., 88; Brewer *v.* Wall, 23 Tex., 585; Allison *v.* Shilling, 27 Tex., 450; Wright *v.* Hays, 34 Tex., 261.)

Joint owners of real estate can acquire a homestead right in the land they own jointly, especially when consent is given; and in the case at bar the joint tenancy of Mather could not abridge the right of Saunders, nor defeat the homestead right of the wife and children. Marshall's administrator having selected the portion conveyed by Mather and appropriated it, he is estopped from denying the exclusive right of the appellant to the remainder.

That it is an estoppel upon himself, we cite McKey *v.* Welch, 22 Tex., 396; Dorn *v.* Dunham, 24 Tex., 376, and cases there cited.

In Texas, there is no decision on the precise point; but, considering the liberal construction of our courts to give effect to the homestead right, we have faith that upon this point it will not fall behind any other State on a like question. Iowa has expressly decided that the homestead is allowed where the estate is held in common with others. (Thorn *v.* Thorn, 14 Iowa, 49.) The courts of Vermont are disposed to follow the same rule. (McClary *v.* Bixby, 36 Vt., 254–257.)

We think it according to reason, that where there is a freehold, no matter of what quality, and a home connected with it, the homestead right should attach, and, as before remarked,

especially where the consent of the co-tenant is given at the time of appropriation and afterwards, and especially if the representative of the co-tenant, *i. e.*, his grantee, has separated and sold his portion.

BONNER, ASSOCIATE JUSTICE.—At the January Term, 1866, the County Court of Fort Bend county, in the regular administration of the estate of William Saunders, deceased, ordered, under article 1313 of Paschal's Digest, W. L. McNeal and Sarah E. Saunders, the surviving wife of William Saunders, as the administrators of his estate, to make title to B. G. Marshall to four hundred and five and one-half acres of land. This order was made in compliance with a written agreement of sale, made to Marshall by Saunders, jointly with T. Mather, who owned the land in partnership.

In November, 1859, previous to the marriage of Saunders, he and Mather mortgaged this land, with a large amount of other property, to Marshall, to secure a just debt which he held against them. Saunders, after his marriage, with the consent of Mather, lived upon the land as his homestead. In August, 1865, and while thus living upon the land, Saunders and Mather, in payment of their indebtedness to Marshall, and in satisfaction of their mortgage, made the agreement of sale upon which the County Court based the above order. The deed was made in compliance with the order, the property delivered to Marshall, and the notes of Saunders and Mather, amounting to about $50,000, delivered up to them. Marshall, since that time, has died, and appellee Howard has been appointed his administrator. The land was inventoried as property of the estate of Marshall, and two hundred and five and one-half acres of the same has since been sold. At the same term at which the order for title to Marshall was made, the court granted to Mrs. Saunders, for herself and minor children, the sum of $2,400, in lieu of a homestead and other exempt property. The present proceeding was instituted in March, 1873, by Mrs. Saunders,

for herself and as the next friend of her minor children, to vacate and set aside the order to make title and virtually to cancel the deed, and to give them two hundred acres of the land as a homestead. From the judgment of the court refusing her application she prosecutes this appeal.

We are met on the threshold of the case with a question the determination of which, in the view we take of it, makes it improper that we give further consideration to the important points which otherwise would arise in the record. The proceeding is by motion simply, made on the probate side of the District Court as then constituted, to vacate a previous order of the County Court in the proper exercise of such jurisdiction, before the same was transferred from the County to the District Court. In its legal effect, it is an application to a court of limited jurisdiction to vacate its own order, made years before within its appropriate jurisdiction. Neither Mather nor the party to whom the remainder of the land had been sold—the interest of both of whom might be seriously affected by the proceedings—were made parties; nor did the District Court, as a court of probate, have authority to make them parties, or to exercise the jurisdiction to grant the relief sought. This could be done only by proceeding, in the nature of a bill in equity in the District Court, in the exercise of its general jurisdiction. Even had the suit been properly brought, the plaintiffs were not entitled to judgment until all necessary parties had been made, so that their respective equities could have been considered and adjudged, if indeed their situations had not so materially changed as to preclude an equitable adjustment. No account or tender of repayment of the money received in lieu of a homestead is made, and no offer on the part of plaintiffs to do that equity which they themselves invoke. We are not advised by the record upon what ground the court overruled the motion; but whatever may have been the reason, the plaintiffs, under the case as made, were not entitled to the relief prayed for, and the judgment below is affirmed.

AFFIRMED.